UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

v.

JAMES C. THAYER,

                Defendant.
_____

**REPORT AND RECOMMENDATION**

15-CR-00162-FPG-JJM

        Defendant is charged in a September 3, 2015 Indictment [1] [1] with possession and distribution of cocaine base, a Schedule II controlled substance, in violation of 21 U.S.C. §§841(a)(1), 841(b)(1)(C), and 841(b)(1)(B).  Before me is defendant's motion to suppress physical evidence and statements [11, ¶¶24-33].[2]  An evidentiary hearing was held on March 30, 2016 [34], at which DEA Special Agents David Leary and Jonathan Sullivan testified on behalf of the government.  Defendant did not testify.

        At the conclusion of the hearing I set a briefing schedule for post-hearing submissions [31].  On August 1, 2016 the government submitted its post-hearing Memorandum of Law [38].  On August 2, 2016 defendant moved for a 30-day extension of the deadline for filing his post-hearing submission [39].  By Text Order dated August 3, 2016 [41] I granted that motion, extending the filing deadline to September 1, 2016 and scheduling oral argument for September 14, 2016.

        Notwithstanding the extension, defendant has not filed his own post-hearing submission, nor has he responded to the government's submission.  In addition, the parties have waived oral argument.  *See* September 13, 2016 Text Order [44].

---

[1]     Bracketed references are to CM/ECF docket entries.

[2]     All other portions of the motion have previously been resolved. *See* [14].

-1-

## ANALYSIS

Rather than summarizing the hearing evidence, I defer to the government's summary in its post-hearing Memorandum of Law ([38], pp. 1-5), which defendant has not contested. Although defendant submitted an affirmation in support of his motion [18-1], he elected not to testify at the hearing. Therefore, I give considerably less weight to his affirmation than I do to the live testimony of Special Agents Leary and Sullivan, both of whom I find to be credible. See United States v. Murray, 2015 WL 7871358, *4 (W.D.N.Y. 2015) (Wolford, J.) ("courts give greater weight to witness testimony, which was subject to cross examination, than to sworn affidavits"); United States v. Faux, 828 F.3d 130, 2016 WL 3648331, *1, n. 1 (2d Cir. 2016) ("Faux elected not to testify at the evidentiary hearing. It appears likely, however, that the district court was not able to credit her version of the events when it conflicted with the Government's version. Faux's account was presented in an affidavit and was not subject to cross examination; the Government's evidence included live testimony from the two agents who conducted the interview and were subject to cross examination").

Defendant has likewise failed to respond to the government's legal arguments as to why suppression is not warranted. See government's post-hearing Memorandum of Law ([38], pp. 5-11), and "effectively concedes [these] arguments by his failure to respond to them". Burton v. Niagara Frontier Transportation Authority, 2013 WL 3423754, *6 (W.D.N.Y. 2013) (Arcara, J./McCarthy, M.J.). See also Kabrovski v. City of Rochester, 149 F. Supp. 3d 413, 422 (W.D.N.Y. 2015) (Siragusa, J.) ("[t]his Court may, and generally will, deem a claim abandoned when a [party] fails to respond to a [its opponent's] arguments").

**CONCLUSION**

For these reasons, I order that defendant's motion to suppress evidence [11, ¶¶24-33] be denied. Unless otherwise ordered by Judge Geraci, any objections to this Report and Recommendation must be filed with the clerk of this court by October 6, 2016 (applying the time frames set forth in Fed. R. Crim. P. ("Rules") 45(a)(1)(C), 45(c), and 59(b)(2)). Any requests for extension of this deadline must be made to Judge Geraci. A party who "fails to object timely . . . waives any right to further judicial review of [this] decision". Wesolek v. Canadair Ltd., 838 F. 2d 55, 58 (2d Cir. 1988); Thomas v. Arn, 474 U.S. 140, 155 (1985).

Moreover, the district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance. Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co., 840 F. 2d 985, 990-91 (1st Cir. 1988).

The parties are reminded that, pursuant to Rule 59(b)(2) of this Court's Local Rules of Criminal Procedure, "[w]ritten objections . . . shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection, and shall be supported by legal authority", and pursuant to Local Rule 59(b)(3), the objections must include "a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new arguments and explaining why they were not raised to the Magistrate Judge". Failure to comply with these provisions may result in the district judge's refusal to consider the objection.

Dated: September 19, 2016

                                           /s/ Jeremiah J. McCarthy
                                           JEREMIAH J. MCCARTHY
                                           United States Magistrate Judge