UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                Plaintiff,

                                        Case #15-CR-162-FPG-JJM

v.

                                        DECISION AND ORDER

JAMES C. THAYER,

                Defendant.
_____

By Text Order dated September 3, 2015, this case was referred to United States Magistrate Judge Jeremiah J. McCarthy pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B). ECF No. 4. The three count Indictment in this case alleges that Defendant James C. Thayer possessed cocaine base with intent to distribute and distributed cocaine base in the Western District of New York in 2015. *See* ECF No. 1.

Defendant has moved to suppress: (1) statements he made to law enforcement on July 22, 2015, and (2) physical evidence seized from 211 Chadduck Avenue in Buffalo on that same day. ECF No. 11 at ¶¶ 24-33. Magistrate Judge McCarthy held a suppression hearing where Special Agents David Leary and Jonathan Sullivan of the Drug Enforcement Administration ("DEA") testified. ECF No. 34. Defendant did not testify at the hearing. *Id.*

The hearing testimony (ECF No. 34) established that the DEA agents utilized a confidential informant ("CI") to purchase one ounce of cocaine base from Defendant on May 15, 2015. Subsequently, the CI called Defendant on July 22, 2015 to again purchase narcotics. After the call was made, DEA agents surveilled Defendant from his residence, where he drove in a direct route to the CI's residence. When Defendant was within a mile of the CI's residence,

agents stopped Defendant's vehicle, and he was arrested. Defendant was read his *Miranda* rights by Agent Sullivan, and was then taken to the DEA offices. The beginning portion of his meeting with DEA agents at their offices was video recorded, and shows Agent Leary reading Defendant his *Miranda* rights, shows Defendant indicating that he understood those rights, and shows Defendant being asked if he wanted his interviewed video recorded. Defendant indicated that he did not want the interview video recorded, so the agents discontinued the recording. Defendant also signed a form indicating that he did not want to have his interview video recorded.

The interview continued, and ultimately, Defendant signed a consent to search form regarding his residence at 211 Chadduck Street in Buffalo, New York. The agents testified that Defendant was not threatened, nor were any promises made to him in order to gain his consent. Defendant and the agents then went to Defendant's residence, where Defendant guided the agents to a bedroom and pointed out a shoebox that contained about two ounces of crack cocaine. The agents were at Defendant's residence for about five minutes, after which they brought Defendant back to the DEA office, finished processing him, and released him.

At the end of the hearing, Magistrate Judge McCarthy set a briefing schedule for post-hearing submissions. The government timely filed its brief on August 1, 2016. ECF No. 38. In sum, the government argues that probable cause existed to arrest the Defendant on July 22, 2015 based upon the May 12, 2015 controlled purchase of cocaine base; that reasonable suspicion and probable cause existed to stop Defendant's vehicle on July 22, 2015 based on the impending controlled purchase; and that Defendant voluntarily consented to the search of his residence on July 22, 2015. *Id.* Defendant requested an extension of time until September 1, 2016 to file his post-hearing submission, which Magistrate Judge McCarthy granted. ECF No. 41. However, Defendant did not file any post-hearing submission, and instead informed Magistrate Judge

McCarthy that the suppression motion could be taken under advisement without oral argument. ECF No. 44.

As a result, Magistrate Judge McCarthy issued his Report and Recommendation, which recommends denying Defendant's suppression motion. ECF No. 45. Defendant did not testify at the suppression hearing. Magistrate Judge McCarthy credited the agents' testimony, and further, based upon the Defendant's failure to respond to the government's legal arguments as to why suppression is not warranted, Magistrate Judge McCarthy found that Defendant has effectively conceded these arguments. *Id.* No objections have been filed to the Report and Recommendation, and the time to do so has now expired.

In reviewing a Report and Recommendation, this Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Since no objections were filed, this Court is not required to conduct a *de novo* review of Magistrate Judge McCarthy's Report and Recommendation. *Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings"); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997) ("We have adopted the rule that failure to object timely to a magistrate judge's report may operate as a waiver of any further judicial review of the decision, as long as the parties receive clear notice of the consequences of their failure to object."). Magistrate Judge McCarthy also reminded the parties the importance of filing timely objections, stating that "a party who fails to object timely … waives any right to further judicial review of [this] decision." ECF No. 45.

Since no objections have been filed, this Court accepts and adopts the Report and Recommendation filed by United States Magistrate Judge Jeremiah J. McCarthy (ECF No. 45) in its entirety, and Defendant's suppression motion (ECF No. 11) is in all respects DENIED.[1]

IT IS SO ORDERED.

DATED:   December 6, 2016
         Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court

---

[1] Even if *de novo* review were required, the Court would still adopt Magistrate Judge McCarthy's Report and Recommendation in its entirety.